UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AARON BLAKE KEISLER,

    Petitioner,

v.                             Case No. 5:13cv220/RS/CJK

NICOLE ENGLISH,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate currently residing at Federal Correctional Institution Marianna ("FCI Marianna"), is serving a sentence imposed by the United States District Court for the Eastern District of Tennessee ("Eastern District") in *United States v. Keisler*, Case Number 3:10cr84-006. (Eastern District Case No. 3:10cr84-006, Doc. 157). On August 24, 2010, petitioner plead guilty to two counts of pharmacy robbery 18 U.S.C. § 2118(a). (Eastern District Case No. 3:10cr84-006,

Doc. 86). On August 2, 2011, petitioner was sentenced in the Eastern District to forty-six months imprisonment as to each count, to be served concurrently. (Eastern District Case No. 3:10cr84-006, Doc. 157).

In this habeas action, petitioner challenges the Federal Bureau of Prisons' ("BOP") refusal to "follow the guidelines of Policy Statement 5160.05 and the factors set out in 18 U.S.C. § 3600 in denying his nunc pro tunc designation request for time spent in service of a state sentence." (Doc. 1, p. 2). In effect, petitioner, relying upon 18 U.S.C. § 3585, asks this court to grant him jail credit for time served. Petitioner claims he should receive credit for a period he was incarcerated from June 24, 2010 to the present.[1] (Doc. 1). Although the complete incarceration picture is unclear from the petition, the government has submitted a declaration from Andrew Roush, a management analyst with the BOP's Designation and Sentence Computation Center, which has clarified petitioner's incarceration history. (Doc. 8-1). In his declaration, Roush explains that on May 22, 2010, petitioner was arrested by local authorities in Knox County, Tennessee. On June 24, 2010, petitioner, while in state custody, was "borrowed" pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum. (Doc. 8-2, p. 2-3). On August 1, 2011, petitioner was sentenced to a term of forty-six months confinement by the United States District Court for the Eastern District of Tennessee. (Doc. 8-1). After sentencing, petitioner was returned to state custody. On October 6, 2011, he was sentenced to a term of eight years confinement by the State of Tennessee. Petitioner was released from state custody on May 18, 2012, and returned to federal custody. While serving his federal sentence, petitioner contacted

---

[1] While petitioner seeks credit from June 24, 2010 "to the present," he is currently receiving credit toward his federal sentence. Therefore, petitioner is effectively seeking credit from June 24, 2010 (when he was removed from state authorities on a federal writ) until August 1, 2011 (when his federal sentence was imposed).

*Case No: 5:13cv220/RS/CJK*

the Eastern District requesting a retroactive designation. On December 10, 2012, the Eastern District issued an amended judgment ordering petitioner's federal sentence to commence on August 1, 2011, and run concurrent with the state criminal case. (Doc. 8-2, p. 15).

## DISCUSSION

Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*" *Id.* at § 3585(b) (emphasis added); *see also Castillo v. Fed. Corr. Inst. of Tallahassee*, 163 F. App'x 803, 804 (11th Cir. 2006) (noting that "a defendant can receive credit for time served only if the specified time period has not been credited against another sentence").

Here, petitioner seeks to have the period of time spent in custody from June 24, 2010 to August 1, 2011 credited against his federal sentence. Such time, however, has already been credited against petitioner's state sentence. (Doc. 8-1, p. 2). Petitioner notes in his response that the charges for which he was sentenced in both jurisdictions arose from the same facts. (Doc. 12). Nevertheless, as stressed above,

§ 3585(b) expressly prohibits using credit for time served against multiple sentences.[2] Accordingly, petitioner is not eligible to receive credit for time served under § 3585.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED WITH PREJUDICE.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 21st day of July, 2014.

/s/ Charles J. Kahn, Jr.
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[2] Of additional import, and as explained in the BOP's administrative response to petitioner's administrative appeal (doc. 1, pp. 17-18), the BOP noted that the time petitioner seeks "has already been applied towards [petitioner's state sentence]" and that petitioner's "[t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time." (Doc. 1, p. 18). Additionally, petitioner's time spent in presentence state custody does not meet the necessary conditions required for such time to be applied to the petitioner's federal sentence. (Doc. 1, pp. 17-18).